UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAMES DANIELS

                Plaintiff(s)                      Civil Action No. 20-10469

v.                                                        Judge Robert H. Cleland

C/O CHRISTOFF, ET AL.,

                Defendant(s)
_____/

## ORDER STAYING CASE

        Plaintiff, a prisoner in the custody of the Michigan Department of Corrections, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint survived screening under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), therefore,

        IT IS ORDERED that:

        1.        Pursuant to Administrative Order 18-AO-042 this action will participate in the *Pro Se* Prisoner Early Mediation Program.

        2.        This action is stayed for a period of ninety (90) days to allow plaintiff and defendant(s) an opportunity to participate in mediation to settle their dispute before the defendant(s) are formally served, an answer is filed, or the discovery process begins. This process is governed by the Mediation Procedure (Attachment A).

        3.        No other pleadings or papers may be filed, and the parties may not engage in formal discovery during the ninety-day stay.

        4.        The 90-day period for the defendant(s) to be served under Federal Rule of Civil Procedure ("F.R.Civ.P") 4(m) is tolled.

        5.        If no settlement is reached and this case proceeds in the normal course of litigation, the Mediation Referral Judge has the authority to lift this stay and the 90-day time period for service under F.R.Civ.P. 4(m) will begin to run on the date the stay order is lifted.

6. Subsequent to the entry of orders regarding service of process, the Mediation Referral Judge will return the case to the docket of the district judge.

7. **Plaintiff is directed to show this Order to his or her Assistant Resident Unit Supervisor ("ARUS") upon receipt to schedule a date and time to see the *Pro Se* Prisoner Early Mediation Program's educational video that explains the program.**

s/Robert H. Cleland<br>
Robert H. Cleland<br>
United States District Judge

Date: June 17, 2020

# Attachment A
# Mediation Procedure

**EXCLUSION**

1. Any party who seeks to have this case excluded from the prisoner mediation program, must file a "motion to exclude case from mediation" on or before twenty-one (21) days after the date of this order. The responding party has seven (7) days to file a response. No reply may be filed. Thereafter, the Mediation Referral Judge will decide the matter and issue an order.

**MEDICAL RECORDS PRODUCTION**

1. If medical claims are made in the complaint, the Michigan Department of Corrections ("MDOC") is required to give plaintiff a medical records release form to sign within seven (7) days of this order. Plaintiff is required to sign and return the medical records release form within seven (7) days from the date the form it is received.

2. Upon receipt of the medical records release form, the MDOC is required to produce all medical records not just those deemed relevant by the MDOC for viewing by the Plaintiff, within 14 days of the date on the medical release form, to plaintiff and the attorney for Corizon. Plaintiff is responsible for paying for copies, or requesting a fee waiver, of any records not deemed relevant by MDOC to the pending medical claim.

3. The mediator must be provided a copy of the relevant medical records by electronic means.

**SERVICE**

1. The Court will serve a copy of the stay order by U.S. mail on plaintiff and will informally serve (by electronic means) a copy of the order and a copy of plaintiff's complaint on (1) the Michigan Department of Attorney General, care of: [*insert name(s) and email address(es) of relevant individual(s)*]; (2) [*insert information for third-party contractor defendants (e.g., employees of Corizon, Trinity Services Group, etc.)*] care of: [*insert name(s) and email address(es) of relevant individual(s)*].

2. For defendants who are current or former state employees (as opposed to employees of a third-party contractor such as *Corizon or Trinity Services Group*), the Department of Attorney General will enter a limited appearance for the sole purpose of early mediation.  For defendants who are employees of a third-party contractor, counsel for defendant's employer will appear on their behalf solely for early mediation.  To accomplish informal service for the early mediation program, the Court maintains contact information for the individuals in the paragraph above, who will accept informal service.  If early mediation is unsuccessful, defendants will be served (by waiver of service of summons or formal process), and counsel must appear as usual in an ordinary case.

3. The Michigan Department of Attorney General, and counsel for other defendants, must enter their limited notice of appearance for purpose of early mediation within twenty-one (21) days from the date this order is entered in the ECF system.  No defenses or objections, including lack of service, are waived as a result of filing the limited notice of appearance.