UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DANIELS,

      *Plaintiff,*

v.

TEDD CHRISTOFF, et al.,

      *Defendants.*

      CASE NO. 20-10469
      DISTRICT JUDGE ROBERT H. CLELAND
      MAGISTRATE JUDGE PATRICIA T. MORRIS

_____/

## ORDER DENYING APPOINTMENT OF COUNSEL (ECF No. 45)

Plaintiff, a Michigan Department of Corrections ("MDOC") inmate filed this 42 U.S.C. § 1983 action *pro se* and is now renewing two earlier requests for appointment of counsel. (ECF Nos. 11, 41, 45). He states that Defendants' objections to his discovery requests and the limited availability of "legal materials" at his current institution prevent him from effectively prosecuting his claim.

Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's sound discretion, and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiffs' ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corrections*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of the case and the plaintiffs' ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, plaintiffs' prior *pro se* experience is relevant to their ability to manage their current cases. *Id.*

Courts may decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g.*, *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim"). Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

As noted in my previous orders denying counsel, Plaintiff's Complaint demonstrates that he is able to clearly state his claims. (ECF No. 41). Furthermore, the Court does not find the factual or legal issues complex. Thus, his current "limited" access

to legal material during discovery does not constitute an exceptional circumstance that would now justify appointing counsel.

Should any of Plaintiff's claims survive summary judgment (the current dispositive motion deadline is set for March 16, 2023) or, if he can otherwise demonstrate a change in circumstances that would necessitate the assistance of counsel, he may resubmit his request for counsel.

Accordingly, **IT IS ORDERED** that Plaintiff's third Request for Appointment of Counsel is **DENIED WITHOUT PREJUDICE**.

Date: November 15, 2022                          S/ PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge