UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DANIELS,

        *Plaintiff,*

v.

TEDD CHRISTOFF, et al.,

        *Defendants.*

                                  /

CASE NO. 20-10469
DISTRICT JUDGE ROBERT H. CLELAND
MAGISTRATE JUDGE PATRICIA T. MORRIS

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL WITHOUT PREJUDICE (ECF No. 46)

Plaintiff, a Michigan Department of Corrections ("MDOC") inmate, filed this 42 U.S.C. § 1983 action *pro se*. Parties are currently engaged in discovery.

Plaintiff asks the Court to compel Defendants Christoff, Warren, and Greason to provide "full[]" answers to his interrogatories, document requests, and requests for admission. (ECF No. 46, PageID.284). He states that while the discovery responses were due October 17, 2022, he has not yet received answers to his document requests. (*Id.*). However, he states elsewhere that Christoff apparently objected to requests for surveillance videos for November 12, 2018 as "overly broad [and] unduly burdensome." (*Id.* at PageID.285). Plaintiff states that Greason did not produce any documents on the basis that the document requests were "vague ambiguous, confusing, calling for speculation, or not within his possession, custody or control or unreasonably burdensome." (*Id.*) He states that Warren made similar objections to the discovery requests. (*Id.*) He asks for Defendants to be compelled to provide responses the discovery requests.

Under Local Rule 37.2 of the Eastern District of Michigan:

> "Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.

E.D. Mich. LR 37.2.

Plaintiff partially complied with Rule 37.2 by providing copies of the interrogatories and requests, but did not provide a copy of Defendants' answers, responses, or objections. While Plaintiff cites portions of Defendants' objections in his motion to compel, he has not provided a complete copy of the objections. "Rule 37.2 is not merely a technicality." *Davis-Bey v. City of Warren*, No. 16-cv-11707, 2017 WL 6523645, *3 (E.D. Mich. Dec. 21, 2017). "The Court cannot address a motion to compel without knowing, among other things, "the opponent's responses and objections to the requests." *Id.* Without a complete copy of Defendants' responses and objections, this Court cannot assess the merits of Plaintiff's motion.[1]

Accordingly, **IT IS ORDERED** that Plaintiff's motion to compel (ECF No. 46) is **DENIED WITHOUT PREJUDICE**.

Date: November 15, 2022          S/ PATRICIA T. MORRIS
                                 Patricia T. Morris
                                 United States Magistrate Judge

---

[1] Included with Plaintiff's motion is a condensed list of documents that he believes are necessary to prosecute his claim. While the current motion is denied based on Plaintiff's failure to include Defendants' answers/responses, he is not prevented from renewing his motion to compel (provided that he includes the documents required under Rule 37.2) or from making further discovery requests.