UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES DANIELS, | Case No. 2:20-cv-10469 |
| *Plaintiff,* | Linda V. Parker |
| v. | United States District Judge |
| TEDD CHRISTOFF, | Patricia T. Morris |
| PATRICK WARREN, and | United States Magistrate Judge |
| ALAN GREASON, | |
| *Defendants.* | |
| _____/ | |

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 65)

### I.    RECOMMENDATION

For following reasons, **I RECOMMEND** that the Court **DENY** Plaintiff's motion for default judgment (ECF No. 65).

### II.   REPORT

#### A.    Background

James Daniels is a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). Daniels filed this action under 42 U.S.C. § 1983, alleging violations of the First, Eighth, and Fourteenth Amendments and the Prison Rape Elimination Act, 34 U.S.C. §§ 30301–09 ("PREA") while he was incarcerated at the Macomb Correctional Facility ("MRF") in New Haven, Michigan. Daniels's

1

complaint names four prison officials: Tedd Christoff, Patrick Warren, Alan Greason, and Mona Golson. (ECF No. 1, PageID.2–3).

In June 2021, the Court ordered the United States Marshal Service to serve Christoff, Warren, and Greason, and between August and September 2021, all three of these Defendants waived service. (ECF Nos. 12, 15, 18, 19). The Court later directed service on Golson and eventually dismissed her from this action. (ECF Nos.2 5, 38). In October 2021, the Court ordered Christoff, Warren, and Greason to "file a responsive pleading" by October 22, 2021. (ECF No. 24, PageID.113). All three Defendants filed their answer before the Court's deadline. (ECF No. 31). Since then, Christoff, Warren, and Greason have filed various papers through their counsel. (*E.g.,* ECF No. 36, 48, 53, 54, 55, 62, 64).

Daniels has now moved for default judgment against Christoff, Warren, and Greason on the grounds these Defendants "have failed to answer" the complaint or "otherwise" participate in this matter. (ECF No. 65, PageID.919).

B.  **Analysis**

A default judgment is "[a] judgment entered against a defendant who has failed to plead or otherwise defend against the plaintiff's claim . . . ." *Default Judgment*, Black's Law Dictionary (11th ed. 2019). Courts disfavor default judgments, and for that reason, the "legal prerequisites" to enter a default judgment require "strict compliance." *Walton v. Rogers*, No. 88-3307, 1988 WL 109859, at

2

*1 (6th Cir. Oct. 19, 1988) (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n of the U.S. and Can.*, 674 F.2d 1365, 1369 (11th Cir. 1982)); *see also* 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2681 (4th ed. 2021).

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for the entry of default judgments. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk enters a party's default, any other party may "apply to the court for a default judgment."[1] Fed. R. Civ. P. 55(b)(2); *see Aetna Life Ins. Co. v. Gablow*, No. 09-14049, 2010 WL 4024719, at *2 (E.D. Mich. Oct. 13, 2020). Thus, "entry of default by the clerk is a prerequisite to an entry of default judgment." *In Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004); *see also Hall v. Cox*, No. 20-10783, 2021 WL 11521274, at *1 (E.D. Mich. June 3, 2021).

Yet Daniels never obtained an entry of default from the Clerk of Court, and for that reason alone, the Court cannot enter default judgment against the Defendants.

---

[1] A plaintiff may request that the clerk of the court enter a default judgment "[i]f the plaintiff's claim is for a sum certain" and the plaintiff submits "an affidavit showing the amount due . . . ." Fed. R. Civ. P. 55(b)(1).

3

And even if Daniels were to request an entry of default, his motion should still be denied because the Defendants did not yet fail to respond to the complaint. Because Rule 55(a) does not allow the entry of default until the defendant "fails to plead or otherwise defend," default should not be entered before a defendant is obligated to respond. Fed. R. Civ. P. 55(a); *see Foreman v. United States*, No. 22-10401, 2022 WL 4130864, at *2 (E.D. Mich. Sept. 12, 2022); *Lentz v. Loxton*, No. 12-12037, 2013 WL 2295456, at *2–3 (E.D. Mich. May 24, 2013). In most civil actions, a defendant need not respond to a pleading until it either waives or receives proper service. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir.2003); Fed. R. Civ. P. 12(a)(1)(A). But in prisoner litigation, the Prison Litigation Reform Act ("PLRA") excuses defendants from "reply[ing]" to a prisoner's complaint until ordered to do so by the Court. 42 U.S.C. § 1997e(g)(1).

Here, the Court ordered Christoff, Warren, and Greason to file an answer to Daniel's complaint and each of these Defendants complied with the order in a timely manner. (ECF No. 24, PageID.113; ECF No. 31). (*Contra* ECF No. 67, PageID.976–78 (incorrectly asserting that Christoff, Warren, and Greason were not ordered to respond to the complaint)). Further, each Defendant has continued to actively participate in this case since filing their pleadings. (*E.g.,* ECF No. 36, 48, 53, 54, 55, 62, 64). Thus, Christoff, Warren, and Greason have not "fail[ed] to plead

4

or otherwise defend" themselves in this case. Fed. R. Civ. P. 55(a). The Court, therefore, should not enter default judgment against these Defendants.

### C. Conclusion

For these reasons, **I RECOMMEND** that the Court **DENY** Plaintiff's motion for default judgment (ECF No. 65).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 24, 2024                         s/ PATRICIA T. MORRIS
                                                Patricia T. Morris
                                                United States Magistrate Judge