UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES DANIELS, | Case No. 2:20-cv-10469 |
| *Plaintiff,* | Linda V. Parker<br>United States District Judge |
| v. | |
| TEDD CHRISTOFF,<br>PATRICK WARREN, and<br>ALAN GREASON, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* | |
| _____/ | |

## ORDER DENYING MOTION TO APPOINT COUNSEL (ECF No. 74)

### I.  Background

James Daniels is a prisoner in the custody of the Michigan Department of Corrections ("MDOC").  Daniels brough this action under 42 U.S.C. § 1983, alleging that a corrections officer, Tedd Christoff, performed an unconstitutional strip search, and that after Daniels complained of the search in a formal grievance, Christoff and others began to retaliate against him.

The parties completed discovery in February 2023, and in April 2023, all three Defendants moved for summary judgment. (ECF Nos. 43, 55).  The Undersigned recommended that the Court grant summary judgment in favor of the Defendants except insofar as Daniels alleged that Christoff violated his Fourth Amendment

1

rights by conducting an unreasonable strip search. (ECF No. 70, PageID.1029–30). That recommendation remains pending, and Daniels has now moved the Court to appoint pro bono counsel on his behalf. (ECF No. 74).

## II. Analysis

Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiffs' ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corrections*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of the case and the plaintiffs' ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-

11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, plaintiffs' prior *pro se* experience is relevant to their ability to manage their current cases. *Id.*

Courts may decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g.*, *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim"). Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

Daniels fails to demonstrate exceptional circumstances that warrant the appointment of counsel. Although Daniels may "have limited knowledge of the law," I do not find the factual and legal issues complex, and both Daniels's complaint and his subsequent filings demonstrate that he can clearly state his claims and articulate his motions. (*See, e.g.*, ECF Nos 1, 46, 59, 65). Further, no date has been set for trial, and the Court may still grant the Defendants motion for summary judgment in its entirety, ending this litigation. Should the District Judge adopt my

3

Report and Recommendation to deny summary judgment in favor of Christoff, Daniels may renew his motion.

Accordingly, **IT IS ORDERED** that Daniels's Motion for Appointment of Counsel (ECF No. 74) is **DENIED WITHOUT PREJUDICE**.

Date: March 20, 2024 　　　　　　　　　　　S/ PATRICIA T. MORRIS
　　　　　　　　　　　　　　　　　　　　　Patricia T. Morris
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge